FRANCIS WHITEHOUSE *et al.*

*v.*

HENRY S. HALSTEAD.

1. EVIDENCE—*admissibility under pleadings—stipulation.* A party can not object to the admission of evidence for want of proper pleadings, when it is stipulated that the plaintiff may, on the trial, introduce any evidence which he could under pleadings properly pleaded and necessary to make out his case, and that the defendant may do likewise as to his defense, under the general issue. This is a waiver of all technicalities, and consent to try the case on its merits.

2. SHIPPING—*liability of consignee for demurrage for delay in discharging cargo.* It is the duty of a consignee of a cargo by vessel on the lakes to discharge the

vessel within a reasonable time after her arrival in the port of destination, and failing to do so he will be liable for the damages sustained by the delay.

3. In the absence of any custom to allow any deduction for delay caused by unloading other vessels already in dock, the owner of the vessel will not be required to bear the loss occasioned thereby, but the consignee must be ready to receive the freight within the time fixed by the custom of the port, after the vessel arrives. When he charters a vessel there is an implied agreement that he will not delay the commencement to discharge the cargo beyond the time allowed by the custom of the port, for the breach of which he must respond in damages.

4. Where the owner of a vessel chartered for a cargo makes no agreement to perform the voyage in any specified time, and the voyage is not unusually long, he will not be required to bear the loss for a delay in commencing the discharge of the cargo, by other vessels being in dock on his arrival, because he might have made the voyage two days earlier, and before the other vessels were placed in dock for discharge.

5. A party chartering a vessel will not be excused from the payment of damages caused by delay through his fault in discharging the cargo, because the unloading was prevented by rain, when the unloading might have been completed before the rain except for his fault; but he will not be charged for a Sunday, where it does not appear that the vessel could have been loaded and left port, in any event, before the succeeding Monday.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. JUDD & WHITEHOUSE, for the appellants:

There can be no recovery under the pleadings. The plaintiff could not recover, under the common counts, for demurrage. 2 Chit. Pl. 16 Am. ed. 118, note; Chitty on Carriers, 143; 3 Chit. on Com. Law. 426; *Horn* v. *Bernsau*, 9 Car. & P. 709; *Clendaniel* v. *Tuckerman*, 17 Barb. 184.

Where there is no express stipulation as to the time of unloading, a consignee is not liable for delays occurring without his fault, or a failure on his part to comply with some of the obligations imposed on him by law, or a custom of the port. *Fulton* v. *Blake*, 5 Bissell, 371; *Beard* v. *Cross*, 20 N. Y. 85; *Worden* v. *Bemis*, 32 Conn. 273; *The Glover*, 1 Brown's Adm. 166; *Sprague* v. *West*, Abb. Adm. 548; *W. Trans. Co.* v. *Hawley*, 1 Daley, 327; *Fisher* v. *Abeel*, 44 (N. Y.) How. Pr.

R. 432; *Burmeister* v. *Hodgson,* 2 Camp. 448; Abbott on Shipping, 312, 313.

The burden of proof was on the plaintiff below, and it is material to show that the vessel was not in fault. *Worden* v. *Bemis,* 32 Conn. 273; *Cross* v. *Beard,* 20 N. Y. 85; Sedg. Dam. 573 (468); Benedict's Adm. 177, sec. 297.

The damages were excessive, and were not computed with sufficient certainty, nor upon the proper basis. *The Rhode Island,* 1 Abb. Adm. 106, N.; *The Appollo,* 9 Wheat. 378; *Smith* v. *Cowdry,* 1 How. 35; *W. Trans. Co.* v. *Hawley,* 1 Daley, 332.

Messrs. Gardner & Schuyler, for the appellee,

Upon the first point made for appellant, call the attention of the court to the stipulation in regard to the admission of evidence.

No objection was made or exception taken to the plaintiffs' evidence on the trial on the ground of the insufficiency of the declaration.

It is the settled law of this court, when the declaration is not sufficient to sustain the cause of action or a recovery thereon, such objection must be taken advantage of by motion in arrest of judgment, and can not be made for the first time in this court. *Troy* v. *Reilley,* 3 Scam. 258; *Browner* v. *Lomax et al.* 23 Ill. 496; *Wilson* v. *Myrick,* 26 id. 35; *Scofield* v. *Settley,* 31 id. 515; *Parr* v. *Van Horn,* 38 id. 226; *Haynes* v. *Lucas,* 50 id. 436; *Nelson* v. *Benson,* 69 id. 27.

The law is well settled that the consignee, after the arrival of a vessel, is bound to discharge her within a reasonable time, if he has the facilities for so doing. *Worden* v. *Bemis,* 32 Conn. 268; *Beard* v. *Cross,* 20 N. Y. 85.

The court below has disposed of the question of fact controlling this case in favor of the plaintiff; and even if there was a serious conflict of evidence, this court has repeatedly said they will not disturb a verdict or finding of fact on that account. *Bloomer* v. *Duman,* 12 Ill. 245; *Peoria et al.* v.

*Anapoe,* 45 id. 85; *Morgan* v. *Ryerson,* 20 id. 343; *Milliken* v. *Taylor,* 53 id. 509; *City of Chicago* v. *Garrison,* 52 id. 516; *Gallop* v. *Smith,* 24 id. 586; *Hope Ins. Co.* v. *Lonergan,* 48 id. 49.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the 17th day of September, 1873, appellants, through their agents at Buffalo, New York, chartered the schooner "Homer," belonging to appellee, to carry for them from that place 702 tons of coal to Chicago. The vessel sailed from Buffalo, loaded with the coal, on the next day, and arrived in Chicago on the 29th of the month. It was sent to appellants' dock, at Twenty-second street, in the city, where it arrived at about two o'clock in the afternoon, and the unloading of the vessel was completed and it was discharged on the morning of the 7th day of October.

The evidence shows that appellants, at the time, had two docks in Chicago, but on the arrival of the "Homer" other vessels were unloading coal at each one of them. It also appears, that at the other dock two vessels could have been unloaded at the same time; that after the vessel arrived, and before it was discharged, it rained a day and a half, and one Sunday intervened.

It appears, from the evidence, and it is conceded, that the consignee is allowed twenty-four hours, by the custom at that port, to place a vessel in dock and to commence unloading, after it arrives in port. The evidence also shows that two days and a half would have been a reasonable time within which to have unloaded this cargo of coal. It is conceded that it is the duty of the consignee to discharge a vessel within a reasonable time, and failing to do so he is liable to damages, in the nature of demurrage, for the value of the use of the vessel during the time it is unreasonably delayed. The evidence varied as to the value of the use of the vessel from $60 to $250 dollars a day. Defendants insisted that there was no unnecessary delay, and plaintiff insisted there was. The

court, by agreement of parties, tried the case without a jury, and found there was four and a half days unnecessary delay, and allowed $125 per day, and found a balance due on the freight of the coal, amounting to the sum, in the aggregate, of $890.67, and rendered judgment for that amount. To reverse this judgment defendants appeal.

It is first urged, that as this is not strictly demurrage, but only damages in the nature of demurrage, appellee could not recover under the common counts for demurrage, but if there was a cause of action, a recovery could only be had under a special count on the implied contract that there should be no unreasonable delay, and the declaration only containing the common counts, it was error to render a judgment against appellants. In answer to this position it is only necessary to say, the evidence was admissible under the stipulation. The written agreement filed provides, the plaintiff might, on the trial, introduce any evidence which he could under "pleadings properly pleaded," and which might be necessary to make out his claim for demurrage, etc., and the defendants might do likewise as to their defense, under the general issue. We apprehend, the parties, in entering into this stipulation, intended to avoid all technicalities, and to try the case on the merits. This is the fair construction of the agreement, and the evidence was, under it, admissible, whether it proved a strict demurrage, or only damages in the nature of demurrage.

Again, we find no exceptions to introducing the evidence under these counts and stipulation, and the objection comes too late when raised for the first time in this court.

It is claimed the court below erred in holding there was unreasonable delay; that the "Homer" was discharged in its turn, and as expeditiously as the nature of the case would admit; that one and a half days should have been allowed on account of rain and another for Sunday, and the time the other vessel was being discharged. It is agreed that the consignee in this class of cases is bound to discharge the vessel in a reasonable time, and failing to do so is liable for the damages

sustained; and the court seems to have determined that it was reasonable to allow two and a half days to remove the cargo, and the one day allowed by custom added, here deducted from the eight days the vessel was at the dock, leaves four and a half days of detention.    It seems that no allowance was made for the intervening Sunday.    Had that been deducted, there would have been but a trifle over three days demurrage.

We do not understand that the custom allows any deduction for delay caused by unloading vessels already in dock, nor do we, as a matter of fact, think it reasonable that the vessel owner should be required to bear the loss.    He has no control over the dock or force engaged in discharging the cargo.    If he had, then the loss would properly fall on him; but these things being under the control of the consignee, he must so arrange as to produce no delay, and failing or being unable to do so it is his fault or misfortune, for which he should be held liable.    When he chartered the vessel there was an implied agreement that he would not delay the commencement to discharge the cargo beyond the time allowed by the custom of the port, and failing to do so, he must respond in damages.

It is urged, the consignees had a right to expect that the vessel would arrive two days earlier, and that two other vessels, leaving the port at Buffalo two days after the " Homer," reached the port at Chicago before she did; that had she made the usual time, and arrived two days earlier than the others that were at the docks when she came in, there would have been no delay, and the owner should be held to be in fault.    He did not agree to make the voyage in any specified time, and the law only required him to make it in a reasonable time.    Each party must have known that they could not more than approximate the time of its arrival—that it would probably be within the longest period a voyage is made without accident or unusually rough weather, and this voyage was not unusually long.    It is but reasonable to require the consignee to so arrange that he can commence discharging the

cargo at the end of the day allowed for the purpose by the custom of the port.

The question is also presented whether the consignees shall be liable for the day and a half that the rain prevented the unloading of the coal. Had they, at the end of the first day, commenced discharging the cargo, and used reasonable efforts to remove it, the evidence shows it could have been completed by Thursday night, and they were only prevented by rain from working on Friday and until noon on Saturday. Thus it is seen, it was the fault of the consignees that the vessel was not discharged before the rain commenced, and this being true, it follows that they must pay for the detention for that time, whether dry or wet. Had this rain occurred on Tuesday and Wednesday, or during the two days and a half following the day allowed by the custom of the port, a very different and perhaps a difficult question would have arisen, to determine whether the owner of the vessel, or the consignees, should have lost the time and sustained the loss; but that question does not arise, and we will not consider it in this case.

But, from the finding of the court, appellants were required to pay for the detention on the Sunday intervening the arrival and departure of the vessel. There is no evidence in the record tending to show that the vessel could, on Friday and Saturday, have taken in a cargo, so as to leave port before the following Monday, and if the vessel had been compelled to remain in port on that Sunday, she would have been earning nothing, and if so, her owner is not entitled to pay for that day. If she could not have been loaded before Sunday, we will presume business would have been suspended on Sunday, and it could not have been completed before Monday, and consequently she would have been idle on that day.

There was, therefore, no evidence warranting the allowance of $125 for that day, and the judgment is erroneous, at least to that extent, and it must be reversed and the cause remanded.                    *Judgment reversed.*